Henry V. BEAVERS, Plaintiff,

v.

STRICKLAND TRANSPORTATION COMPANY, INC., a Texas Corporation, et al., Defendants.

No. 73–C–170(4).

United States District Court,
E. D. Missouri, E. D.

Nov. 5, 1976.

Thomas C. Alderson, Jr., Little Rock, Ark., Joseph E. Rebman, St. Louis, Mo., for Henry V. Beavers.

John O. Harris, Chesterfield, Mo., for Strickland Transp. Co.

Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for Union 574 and Intern. Brotherhood of Teamsters, etc.

## MEMORANDUM

NANGLE, District Judge.

Plaintiff Henry V. Beavers brought this suit, along with others, alleging violations of seniority rights under collective bargaining agreements. In addition, plaintiff Beavers alleged that he had been discharged in breach of those agreements. The issues involving seniority rights were severed from plaintiff Beavers' claim concerning discharge, and by an order and memorandum filed on November 7, 1975, the seniority rights issues were decided by this Court.

Remaining herein is plaintiff Beavers' claim of discharge in violation of the collective bargaining agreement.

This cause was tried to the Court sitting without a jury. In accordance with Rule 52, Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff Henry V. Beavers is an employee within the meaning of the National Labor Relations Act, 29 U.S.C. §§ 152(3) and 185. Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ["International"] is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §§ 152 and 185, and is an unincorporated labor organization which is maintained and administered under and by virtue of a written constitution. Defendant Local Union No. 574 is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §§ 152 and 185, and is an unincorporated labor organization which is maintained and administered under and by virtue of a constitution and by-laws. Defendant Strickland Transportation Company, Inc. is an employer within the meaning of the National Labor Relations Act, 29 U.S.C. §§ 152 and 185.

2. At all times relevant herein, there was in full force and effect a written collective bargaining agreement known as the "National Master Freight Agreement" supplemented by the "Central States Area Supplemental Agreement". Defendants Strickland and Local Union No. 574 are signatories; defendant International is not.

3. Plaintiff, as an employee of Strickland, worked as part of a bargaining unit which is covered by the agreements, and was entitled to all of the rights and benefits provided therein.

4. On January 31, 1969, defendant Strickland discharged plaintiff for recklessness in driving company equipment. This discharge resulted from a serious accident in which plaintiff was involved.

5. As provided in the collective bargaining agreement, plaintiff filed a written grievance with Local Union No. 574 protesting this discharge. This grievance was received by the Local Union and was handled in the manner provided for in the collective bargaining agreements. The grievance was set for hearing before a joint labor-management grievance committee known as the Missouri-Kansas Central States Highway Drivers Council for the first week of February, 1969. This Council meets in Kansas City, Missouri.

6. Plaintiff Beavers was notified of the hearing date and was advised of his right to appear in person and to participate in the presentation of his grievance.

7. On Tuesday of that week, plaintiff telephoned Robert Hutchings of Local Union No. 574 and told Mr. Hutchings that he would be unable to get to Kansas City that day because of physical illness. Plaintiff asked Mr. Hutchings to request a continuance until plaintiff could arrive. Mr. Hutchings told plaintiff that he doubted that a continuance would be granted because in discharge cases involving possible back pay, the committee seldom granted continuances. Mr. Hutchings, however, told plaintiff that he would request a continuance and in fact, did so, advising the committee that plaintiff could not be present because he was under a doctor's care. The committee refused to grant the continuance. Mr. Hutchings did prevail upon the committee to place the grievance on the bottom of the docket for the week and as a result, the grievance was not heard until Thursday of that week. Plaintiff, however, did not arrive in Kansas City by Thursday.

8. Had plaintiff been willing to waive his claim to back pay, the committee would have been more willing to grant the continuance. Mr. Hutchings did not ask plaintiff whether he would be willing to waive back pay, nor did plaintiff tell Mr. Hutchings that he would waive it.

9. Mr. Hutchings presented plaintiff's grievance to the committee and advised them that plaintiff had additional evidence

to submit, including a report from the Highway Patrol. The committee heard the grievance, made a transcript of the hearing and upheld the discharge.

10. Plaintiff was notified of the decision and thereafter attempted to appeal on the grounds that he was not present and that he had additional evidence. The attempted appeal was denied.

11. At this time, plaintiff first brought the matter to the attention of defendant International and asked that the International investigate and aid plaintiff in his protest. After investigation, the International concluded that it was without power or authority to involve itself with the decision of the committee.

12. Although plaintiff's appeal was denied, the committee did appoint a sub-committee to meet with plaintiff and consider the additional evidence. This committee did meet with plaintiff and Robert Hutchings, considered the evidence, and decided that the discharge should be upheld.

13. Plaintiff's grievance was received, handled and processed in good faith by defendant Local Union No. 574. There is no evidence to sustain a finding that the local union acted in any manner which could be termed arbitrary, discriminatory, or evidencing bad faith. There was no evidence of hostility on the part of the local union. Similarly, there is no evidence that the International Union, in deciding that it was without power and authority to intervene, acted arbitrarily, discriminatorily, hostilely, or in bad faith. Throughout these proceedings, defendant Strickland remained a neutral figure, following and allowing the grievance procedure to advance. There is no evidence to support a finding that defendant Strickland breached the collective bargaining agreement.

## CONCLUSIONS OF LAW

This Court has jurisdiction over the parties and of the subject matter of this cause. 29 U.S.C. § 185.

■ A breach of the statutory duty of fair representation owed by a union to its members may be found only where "a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith". *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). See also *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570, 96 S.Ct. 1048, 1060, 47 L.Ed.2d 231 (1976) ("To prevail against either the company or the Union, petitioners must show not only that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union . . . this involves more than demonstrating mere errors in judgment").

■ This Court has found that there was no evidence of conduct which could be termed as arbitrary, discriminatory, or in bad faith, on the part of defendants herein. Under these circumstances, the Court must conclude that defendant Unions did not breach their duty of fair representation. Because of a similar lack of evidence, the Court must conclude that defendant Strickland did not breach the collective bargaining agreement in connection with plaintiff's discharge.

■ The Court notes that the merits of the decision reached by the committee may not be reviewed by this Court. *United Steelworkers of America v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Accordingly, upon concluding that defendants Unions did not breach their duty of fair representation and that defendant Strickland did not breach the collective bargaining agreement, the Court must enter judgment for defendants.